IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| FRANK MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. MJG-02-CV-4156 |
| | ) |
| SMITHKLINE BEECHAM | ) |
| CORPORATION, d/b/a | ) |
| GLAXOSMITHKLINE and | ) |
| DOES 1 Through 100, Inclusive, | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND DEFENSES OF SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline (hereinafter referred to as "GSK"), and in response to Plaintiff's Amended Complaint ("Plaintiff's Amended Complaint"), files its Answer and Defenses as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

For its Second Defense, GSK responds to the individually-numbered paragraphs of Plaintiff's Amended Complaint as follows:

### ANSWERING THE SECTION ENTITLED "INTRODUCTION"

1. GSK denies all allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2. GSK admits that it has manufactured, marketed, distributed, promoted, and advertised Paxil® ("Paxil"). GSK denies all remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint.

### ANSWERING THE SECTION ENTITLED "THE PARTIES"

3. GSK denies that Paxil caused injuries as alleged in Paragraph 3 of Plaintiff's Amended Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4. GSK denies the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5. GSK denies the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6. GSK denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7. GSK denies the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9. GSK admits that it is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. GSK admits that it manufactures, markets, distributes, promotes, and advertises Paxil. GSK admits that it is authorized to do business in the State of Maryland.

10. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Amended Complaint.

**ANSWERING SECTION ENTITLED "NATURE OF THE CASE"**

11. GSK admits that Paxil was approved as a prescription drug in the United States for the indication of depression on December 29, 1992; that Paxil is an antidepressant; and that Paxil is generally classified as a selective serotonin reuptake inhibitor. GSK is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12. GSK denies that Paxil caused injuries or symptoms as alleged in Paragraph 12 of Plaintiff's Amended Complaint. GSK admits that the labeling for Paxil was approved by the U.S. Food and Drug Administration and that such labeling and advertisements regarding Paxil speak for themselves. GSK denies all remaining allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13. The World Health Organization data referenced in Paragraph 13 of Plaintiff's Amended Complaint speaks for itself. Except as so admitted, GSK denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. The World Health Organization "definition" referenced in Paragraph 14 of Plaintiff's Amended Complaint speaks for itself. Except as so admitted, GSK denies the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. GSK denies the allegations in Paragraph 15 of Plaintiff's Amended Complaint.

**ANSWERING THE SECTION ENTITLED "FACTUAL ALLEGATIONS"**

16. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's Paxil usage in Paragraph 16 of Plaintiff's Amended Complaint. GSK denies that Paxil caused injuries or symptoms as alleged in Plaintiff's Amended Complaint.

17. GSK admits that the U.S. Food and Drug Administration approved Paxil labeling and that such labeling is identical in each of the fifty-one jurisdictions. GSK admits that the Paxil labeling has been revised over time. The remaining allegations of Paragraph 17 of Plaintiff's Amended Complaint call for a legal conclusion and therefore are denied.

18. GSK admits that the U.S. Food and Drug Administration approved Paxil labeling and that such labeling has been revised over time. GSK denies all remaining allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19. GSK admits that literature has been published about Paxil. The reports cited in Paragraph 19, including sub-paragraphs (a) through (v), of Plaintiff's Amended Complaint speak for themselves. Except as so admitted, GSK denies the allegations in Paragraph 19, including sub-paragraphs (a) through (v), of Plaintiff's Amended Complaint.

20. GSK admits that the reports cited in Plaintiff's Amended Complaint speak for themselves. Except as so admitted, GSK denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21. GSK admits that the U.S. Food and Drug Administration approved Paxil's labeling. GSK further admits that the Paxil label has been revised over time. GSK denies all remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22. GSK admits that Paxil has a "half life" and that Paxil is generally classified as a selective serotonin reuptake inhibitor. The survey cited in Paragraph 22 of Plaintiff's Amended Complaint speaks for itself. Except as so admitted, GSK denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23. GSK admits that Paxil has a "half life" and that Paxil is generally classified as a selective serotonin reuptake inhibitor. The study cited in Paragraph 23 of Plaintiff's Amended

4

Complaint speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24.     GSK admits that it has published information about Paxil and that such information speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25.     GSK admits that it has published information about Paxil and that such information speaks for itself.  GSK further admits that Paxil's labeling speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26.     GSK admits that it has published information about Paxil and that such information speaks for itself.  GSK further admits that Paxil's labeling speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27.     GSK admits that Paxil is approved as a prescription drug in the United States.  GSK further admits that it has published information about Paxil and that such information speaks for itself.  GSK further admits that Paxil's labeling speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

28.     GSK admits that the report cited in Paragraph 28 speaks for itself.  Except as so admitted, GSK denies the allegations in Paragraph 28 of Plaintiff's Amended Complaint.

29.     GSK denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30.     GSK admits that Paxil has a "half life."  Except as so admitted, GSK denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31.     GSK denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

## ANSWERING COUNT I

32. In response to Paragraph 32 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

33. In response to Paragraph 33 of Plaintiff's Amended Complaint, GSK denies it violated the Maryland Consumer Protection Act ("MCPA"). GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of Plaintiff's Amended Complaint.

34. GSK admits that it manufactures, markets, distributes, promotes, and advertises Paxil. GSK denies the remaining allegations in Paragraph 34 of Plaintiff's Amended Complaint.

35. GSK denies the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

36. GSK denies the allegations in Paragraph 36, including subparagraphs (a) through (c), of Plaintiff's Amended Complaint.

37. GSK denies the allegations in Paragraph 37, including the "WHEREFORE" paragraph following Paragraph 37 of Plaintiff's Amended Complaint.

## ANSWERING COUNT II

38. In response to Paragraph 38 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

39. GSK admits that the FDA approved the prescribing information for Paxil. GSK denies the remaining allegations in Paragraph 39 of Plaintiff's Amended Complaint.

40. GSK denies the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41. GSK denies the allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42. GSK denies the allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43. GSK denies the allegations in Paragraph 43, including the "WHEREFORE" paragraph following Paragraph 43 of Plaintiff's Amended Complaint.

## ANSWERING COUNT III

44. In response to Paragraph 44 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

45. GSK denies the allegations in Paragraph 45, including sub-paragraphs (a) through (*l*), of Plaintiff's Amended Complaint.

46. GSK denies the allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47. GSK denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48. GSK denies the allegations in Paragraph 48 of Plaintiff's Amended Complaint.

49. GSK denies the allegations in Paragraph 49 of Plaintiff's Amended Complaint.

50. GSK denies the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51. GSK denies the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52. GSK denies the allegations in Paragraph 52, including the "WHEREFORE" paragraph following Paragraph 52 of Plaintiff's Amended Complaint.

## ANSWERING COUNT IV

53. In response to Paragraph 53 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

54. Paragraph 54 contains legal conclusions which GSK denies in the context of the facts alleged in Plaintiff's Amended Complaint. To the extent this paragraph contains factual allegations directed at GSK, GSK denies the allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55. GSK denies the allegations in Paragraph 55, including the "WHEREFORE" paragraph following Paragraph 55 of Plaintiff's Amended Complaint.

## ANSWERING COUNT V

56. In response to Paragraph 56 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

57. GSK denies the allegations in Paragraph 57 of Plaintiff's Amended Complaint.

58. GSK denies the allegations in Paragraph 58, including the "WHEREFORE" paragraph following Paragraph 58 of Plaintiff's Amended Complaint.

## ANSWERING COUNT VI

59. In response to paragraph 59 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

60. GSK denies the allegations in Paragraph 60 of Plaintiff's Amended Complaint.

61. GSK denies the allegations in Paragraph 61 of Plaintiff's Amended Complaint.

62. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiff's Amended Complaint.

63. GSK denies the allegations in Paragraph 63 of Plaintiff's Amended Complaint.

64. GSK denies the allegations in Paragraph 64 of Plaintiff's Amended Complaint.

65. GSK denies the allegations in Paragraph 65 of Plaintiff's Amended Complaint.

66. GSK denies the allegations in Paragraph 66, including the "WHEREFORE" paragraph following Paragraph 66 of Plaintiff's Amended Complaint.

## ANSWERING COUNT VII

67. In response to Paragraph 67 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

68. GSK denies the allegations in Paragraph 68, including sub-paragraphs (a) through (c), of Plaintiff's Amended Complaint.

69. GSK denies the allegations in Paragraph 69 of Plaintiff's Amended Complaint.

70. GSK denies the allegations in Paragraph 70 of Plaintiff's Amended Complaint.

71. GSK denies the allegations in Paragraph 71 of Plaintiff's Amended Complaint, including the "WHEREFORE" paragraph following Paragraph 71 of Plaintiff's Amended Complaint.

## ANSWERING COUNT VIII

72. In response to Paragraph 72 of Plaintiff's Amended Complaint, GSK incorporates by reference all preceding paragraphs in this Answer and each and every one of its defenses.

73. GSK denies the allegations in Paragraph 73, including the "WHEREFORE" paragraph following Paragraph 73 of Plaintiff's Amended Complaint.

## ANSWERING SECTION ENTITLED "PRAYER"

GSK denies that Plaintiff is entitled to any of the relief sought in the "PRAYER" section following Paragraph 73 of Plaintiff's Amended Complaint, including the paragraphs numbered (1) through (7) of that section.

## THIRD DEFENSE

Plaintiff's claims are preempted or barred, in whole or in part, by the Federal Food, Drug and Cosmetic Act as amended, including but not limited to the doctrine of primary jurisdiction because the Food and Drug Administration of the United States Department of Health and Human Services has primary jurisdiction over the issues raised in Plaintiff's Amended Complaint and exclusive regulatory control of products such as the product at issue here. The granting of the relief prayed for in Plaintiff's Amended Complaint would impede, impair,

frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the United States Constitution and the Court should either dismiss these claims for relief or defer consideration of them to the Food and Drug Administration.

### FOURTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim against GSK because there is no private right of action under the Federal Food, Drug and Cosmetic Act as amended.

### FIFTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

### SIXTH DEFENSE

Plaintiff's claims relating to alleged communications between GSK and regulatory agencies of the United States government or any other government are barred in whole or in part by operation of applicable law, including the First Amendment rights of GSK to petition the government.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the commercial speech of GSK relating to Paxil is not false or misleading and is protected under the First Amendment of the United States Constitution and under the Maryland Constitution.

### EIGHTH DEFENSE

Plaintiff's claims are barred because GSK complied with applicable statutes and with the requirements and regulations of the Food and Drug Administration.

**NINTH DEFENSE**

Each of the purported claims in Plaintiff's Amended Complaint may be barred by the applicable statute of limitations or statute of repose.

**TENTH DEFENSE**

Plaintiff's claims are barred by the learned intermediary doctrine.

**ELEVENTH DEFENSE**

Plaintiff's purported claim for fraud and fraudulent misrepresentation must be dismissed because Plaintiff failed to plead that claim with the requisite particularity.

**TWELFTH DEFENSE**

Plaintiff unreasonable and inexcusably delayed the commencement and service of the above-entitled action to the prejudice of GSK and said action, therefore, is barred by the doctrine of laches.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**FOURTEENTH DEFENSE**

Plaintiff failed to give notice of any alleged breach of warranty, whether express or implied.

**FIFTEENTH DEFENSE**

GSK states that any and all warranties that may form a basis for Plaintiff's claims for relief against GSK were adequately disclaimed or excluded by GSK.

**SIXTEENTH DEFENSE**

Plaintiff's alleged claims for breach of warranty are barred by lack of privity.

**SEVENTEENTH DEFENSE**

At all times material thereto, GSK's conduct conformed to the state-of-the-art.

**EIGHTEENTH DEFENSE**

GSK pleads the application of Comment k to the Restatement of Torts (Second) Section 402A and Restatement (Third) of Torts: Products Liability § 6.

**NINETEENTH DEFENSE**

GSK pleads all defenses available under the Maryland Court of Appeals' decisions in Phipps v. General Motors Corporation, 363 A.2d 955 (Md. 1976), Halliday v. Sturm, Ruger & Company, Inc., 792 A.2d 1145 (Md. 2002), and their progeny.

**TWENTIETH DEFENSE**

GSK pleads all defenses available under Md. Code, Courts and Judicial Proceedings § 5-629.

**TWENTY-FIRST DEFENSE**

GSK states that plaintiff's claims are barred, in whole or in part, by Md. Code, Court and Judicial Proceedings § 5-115.

**TWENTY-SECOND DEFENSE**

GSK pleads all defenses available under the Maryland Consumer Protection Act, Md. Code, Commercial Law §§ 13-101 through 13-501, and decisions interpreting and/or applying that Act.

**TWENTY-THIRD DEFENSE**

Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instruction.

## TWENTY-FOURTH DEFENSE

Plaintiff's alleged damages were not caused by any failure to warn on the part of GSK.

## TWENTY-FIFTH DEFENSE

Plaintiff's alleged causes of action are barred because, based upon the scientific skill and knowledge at the time the product was distributed, the product was reasonably safe for normal and foreseeable use, and the benefits of the product outweighed any associated risks.

## TWENTY-SIXTH DEFENSE

Plaintiff's alleged damages, if they were caused by the product, which GSK expressly denies, were caused by a generic, inherent characteristic of the product that could not be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the appropriate person with the ordinary knowledge common to that person's community.

## TWENTY-SEVENTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks with the use of the product at issue in this case and such assumption of the risk bars in whole or in part the damages Plaintiff seeks to recover herein.

## TWENTY-EIGHTH DEFENSE

Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Paxil.

## TWENTY-NINTH DEFENSE

Plaintiff's alleged injuries or damages, if any, may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of GSK or any defect attributable to its product.

**THIRTIETH DEFENSE**

If Plaintiff sustained injuries attributable to the use of the product at issue in this case, which allegations are expressly denied, the injuries were solely caused by and attributable to the unintended, unreasonable, and improper use or misuse which was made of said product.

**THIRTY-FIRST DEFENSE**

Plaintiff may have failed to exercise ordinary care or reasonable care. If so, Plaintiff's Amended Complaint should be dismissed or their damages reduced under the doctrine of contributory negligence and/or comparative fault.

**THIRTY-SECOND DEFENSE**

GSK states that the sole proximate cause of the injuries alleged in Plaintiff's Amended Complaint was the acts, omissions or negligence of a person, entity, persons, or entities, other than GSK, for whose actions, omissions or negligence GSK is in no way liable.

**THIRTY-THIRD DEFENSE**

GSK states that if Plaintiff sustained any injuries or damages, which fact is specifically denied, and it is determined that said injuries or damages were caused, in whole or in part, by the acts, omissions, negligence, or fault of other persons or entities for whom GSK is not responsible, and such acts, omissions, negligence, or fault does not act as a complete bar to Plaintiff's claims against GSK, then GSK is entitled to an apportionment of all such causal fault and a reduction of any award against it.

**THIRTY-FOURTH DEFENSE**

The damages and injuries allegedly sustained by Plaintiff, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### THIRTY-FIFTH DEFENSE

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

### THIRTY-SIXTH DEFENSE

Plaintiff's damages are barred or reduced by the doctrine of avoidable consequences.

### THIRTY-SEVENTH DEFENSE

Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### THIRTY-NINTH DEFENSE

GSK states that Plaintiff's damages, if any, have been mitigated, in whole or in part, by reimbursement from collateral sources.

### FORTIETH DEFENSE

GSK states that Plaintiff's damages, if any, are subject to the limits and other provisions set forth under Md. Code, Courts and Judicial Proceedings § 11-108.

### FORTY-FIRST DEFENSE

While denying that Plaintiff is entitled to any relief whatsoever, GSK states that Plaintiff's claims for equitable relief are barred because they have an adequate remedy at law.

### FORTY-SECOND DEFENSE

To the extent that Plaintiff claims damages for pain and suffering, such claims are barred because they violate GSK's right to due process and equal protection.

### FORTY-THIRD DEFENSE

The imposition of punitive damages would violate GSK's equal protection and due process rights under the United States Constitution and the Maryland Constitution.

### FORTY-FOURTH DEFENSE

With respect to Plaintiff's alleged entitlement to punitive damages, GSK specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards which are set forth in the decisions of <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), and <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001).

### FORTY-FIFTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from GSK because an award of such damages could violate the excessive fines clauses of the United States Constitution and the Maryland Constitution.

### FORTY-SIXTH DEFENSE

Punitive damages may not be awarded because they are a punishment, quasi-criminal sanction for which GSK has not be afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

### FORTY-SEVENTH DEFENSE

GSK is not indebted or liable to Plaintiff in any manner or amount whatsoever.

### FORTY-EIGHTH DEFENSE

To the extent not otherwise expressly and specifically admitted in this answer, GSK denies each and every allegation of Plaintiff's Amended Complaint.

## FORTY-NINTH DEFENSE

GSK hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, GSK prays that:

(1)   Plaintiff takes nothing by reason of Plaintiff's Amended Complaint;

(2)   Plaintiff's Amended Complaint against GSK be dismissed with prejudice in its entirety;

(3)   GSK recovers costs; and

(4)   This Court award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

GSK demands a jury trial.

This 14th day of October, 2003.

                                             /S/
                               Gregg L. Bernstein
                               Martin, Snyder & Bernstein, P.A.
                               Redwood Tower, Suite 2000
                               217 East Redwood Street
                               Baltimore, Maryland 21202
                               Telephone:  (410) 547-7163
                               Facsimile:  (410) 547-1605

OF COUNSEL:

Chilton Davis Varner
Andrew T. Bayman
King & Spalding LLP
191 Peachtree Street, N.E.
Atlanta, Georgia  30303-1763           ATTORNEYS FOR DEFENDANT
Telephone:  (404) 572-4600              SMITHKLINE BEECHAM CORPORATION,
Facsimile:  (404) 572-5100               d/b/a GLAXOSMITHKLINE

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE TO PLAINTIFF'S AMENDED COMPLAINT** on counsel of record either electronically or by depositing a copy of the same in U.S. Mail, first-class, postage prepaid, and addressed as follows:

Robert J. Tully
Tully, Webster & Francomano
1433 S. Hanover Street
2nd Floor
Baltimore, Maryland  21230

Karen A. Barth
Mary Schiavo
Baum, Hedlund, Aristei, Guilford & Schiavo
12100 Wilshire Boulevard
Suite 950
Los Angeles, California  90025

Christopher L. Coffin
Patrick W. Pendley
Pendley Law Firm
P.O. Drawer 71
24110 Eden Street
Plaquemine, Louisiana  70765

Donald J. Farber
Law Offices of Donald J. Farber
7 Mt. Lassen Drive
Suite B-126
San Rafael, California  94903


This 14th day of October, 2003.


                                             /S/
                                    Gregg L. Bernstein