A CERTIFIED TRUE COPY

DEC 19 2003

ATTEST [signature]
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
DEC 26 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DEC 19 2003
FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1574**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE PAXIL PRODUCTS LIABILITY LITIGATION* CV03-9473-MRP(CWx)

**BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL**

Frank Mitchell et al -v- SmithKline Beecham

### TRANSFER ORDER

This litigation presently consists of twelve actions: two actions in the Middle District of Louisiana and one action each in the Central District of California, the Southern District of California, the Southern District of Illinois, the District of Maryland, the District of Massachusetts, the Northern District of Mississippi, the Northern District of Ohio, the Middle District of Tennessee, the Northern District of Texas and the Eastern District of Wisconsin.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Massachusetts plaintiffs to centralize the actions in this litigation in the Central District of California or the Southern District of Illinois for coordinated or consolidated pretrial proceedings. The Southern California plaintiff joins in the motion. Pharmaceutical defendants – SmithKline Beecham Corp., d/b/a/ GlaxoSmithKline and GlaxoSmithKline PLC (collectively referred to as GSK) — oppose Section 1407 centralization. If the Panel deems centralization appropriate, GSK suggests either the Middle District of Louisiana or the Middle District of Tennessee as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged side effects of Paxil, a widely-prescribed anti-depressant drug, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judges Hodges and Selya did not participate in the decision of this matter.

[1] The Panel has been notified that four potentially related actions have been filed as follows: one action each in the Central District of California, the Southern District of Indiana, the Northern District of New York and the Western District of Washington. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Central District of California before Judge Mariana R. Pfaelzer, we are assigning this litigation to a seasoned jurist in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the Central District of California are transferred to that district and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

*John F. Keenan*
John F. Keenan
Acting Chairman

I hereby attest and certify on 12/26/03 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By *Rhonda Marshall* Deputy

0016

# SCHEDULE A

### MDL-1574 -- In re Paxil Products Liability Litigation

#### Central District of California

*In re Paxil Litigation*, C.A. No. 2:01-7937

#### Southern District of California

*James Roscoe v. GlaxoSmithKline*, C.A. No. 3:02-2138

#### Southern District of Illinois

*Carol Martin, et al. v. SmithKline Beecham Corp.*, C.A. No. 3:03-563

#### Middle District of Louisiana

*Ted Bowman, et al. v. SmithKline Beecham Corp.*, C.A. No. 3:02-909
*Victoria James, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:03-499

#### District of Maryland

*Frank Mitchell, et al. v. SmithKline Beecham Corp.*, C.A. No. 1:02-4156   CV03-9473-MRP (CWx)

#### District of Massachusetts

*Preston Leonard, et al. v. GlaxoSmithKline Corp.*, C.A. No. 1:03-10245

#### Northern District of Mississippi

*Hattie D. Scott, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 4:03-233

#### Northern District of Ohio

*Joseph James McGrath, et al. v. GlaxoSmithKline, Inc., et al.*, C.A. No. 1:02-765

#### Middle District of Tennessee

*Calvin Townsend, et al. v. SmithKline Beecham Corp., et al.*, C.A. No. 3:03-444

#### Northern District of Texas

*Clayton Greenberg, et al. v. GlaxoSmithKline Corp.*, C.A. No. 3:02-2147

#### Eastern District of Wisconsin

*Christen Holcombe, et al. v. SmithKline Beecham*, C.A. No. 2:02-1158